IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LANCE WILLIAMS,

    Petitioner,                    No. 2:09-cv-01691 MCE KJN P

    vs.

CLAUDE E. FINN,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding without counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges the 2006 and 2007 decisions of the California Board of Parole Hearings denying him parole. Presently pending is respondent's motion, filed September 2, 2009, to dismiss the petition based on the contention that it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). (Dkt. No. 16.) Petitioner has filed an opposition. (Dkt. No. 17.) For the following reasons, the court seeks supplemental briefing.

////

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302, and was reassigned to the undersigned on February 9, 2010.

1

BACKGROUND

The following chronology is relevant to the statute of limitations analysis.

1. Petitioner is serving a prison sentence of 17 years to life based on a second-degree homicide conviction and firearm enhancement. (Petition, Dkt. No. 1, at 2, 9.)

2. The Board of Parole Hearings denied petitioner parole on March 23, 2006, indicating that the decision would be final on July 21, 2006. (Dkt. No. 1, Exh. A.)  Petitioner challenged the ruling by filing a petition for writ of habeas corpus in the Los Angeles Superior Court on December 5, 2006. (Id., Exh. M.)

3. During the pendency of his writ in superior court, petitioner was again denied parole on February 22, 2007 (id.), which was putatively final ninety days thereafter, on May 23, 2007. On July 9, 2007, petitioner filed a supplemental brief in superior court, thus challenging both Parole Board decisions. (Id.)

4. The California Supreme Court denied review on June 11, 2008. (Dkt. No. 1, at 4.) This court has not been provided the dates on which the superior court or state court of appeal acted on petitioner's state habeas challenges.

5. Petitioner filed the instant petition for writ of habeas corpus on June 15, 2009.[2]

LEGAL STANDARDS

The Ninth Circuit has determined that AEDPA's one-year statute of limitations set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted); see also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without

---

[2] Although the court docket indicates a filing date of June 18, 2009 (Dkt. No. 1), June 15, 2009 is the date on which petitioner, proceeding without counsel, signed and delivered the instant petition to prison officials for mailing (id. at 7). Pursuant to the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

2

deciding that the AEDPA statute of limitations applies to collateral attacks on parole board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the one-year limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Thus, the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), and in this context, the date of the Board's final decision. See Redd, 343 F.3d at 1084-1085; Shelby, 391 F.3d at 1065-1066.[3]

However, the limitation period is tolled from the filing date of the first state habeas petition until the California Supreme Court rejects the final collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see 28 U.S.C.§ 2244(d)(2) (period tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim").

In addition, equitable tolling is available "when extraordinary circumstances beyond a prisoner's control make it impossible" to timely file the federal petition. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal quotation marks and citations omitted). "That determination is highly fact-dependent and [petitioner] bears the burden of showing that equitable tolling is appropriate." Id. The Ninth Circuit has stated that, because of Congress's desire to speed up the federal habeas process, this standard presents a "high hurdle" for petitioners. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998). "A petitioner must show that his untimeliness was caused

---

[3] Both Redd and Shelby were decided before California eliminated administrative appeals for parole board decisions. See, e.g., Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1208 (C.D. Cal. 2004); Lawson v. Woodford, 2005 WL 1489859, *3 (E.D. Cal. 2005); Stratton v. Marshall, __ F. Supp. __, 2009 WL 1759694, *4 (E.D. Cal. 2009) (citing Cal. Admin. Code, tit. 15 § 2050). Although there is not yet a Ninth Circuit case addressing the impact of this change on Redd and Shelby, if any, this court recently found that the appropriate trigger date remains the date on which the parole decision became administratively final. See Tafoya v. Subia, No. 2:07-cv-2389 GEB KJN P (Dkt. Nos. 24, 27).

by an external impediment and not by his own lack of diligence." Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007), citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006); see also Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that in each of the cases in which equitable tolling has been applied, the requisite "extraordinary circumstances" have been based on the "wrongful conduct" of another that "actually prevented the prisoner from preparing or filing a timely habeas petition").

ANALYSIS

Respondent contends that the instant petition is untimely because petitioner filed it on June 15, 2009, more than one year after the denial of review by the California Supreme Court on June 11, 2008,[4] and that there is no basis for finding equitable tolling. Thus, respondent argues, the court need not engage in further analysis.

Petitioner responds that the limitation period should be equitably tolled for the following reasons: (1) petitioner did not receive the June 11, 2008 order of the California Supreme Court until "July 2008" (date not provided); (2) petitioner was housed in administrative segregation from "April 2008" (date not provided) until September 11, 2008, throughout which petitioner asserts that he was without his legal papers or material, including when he was transferred to Deuel Vocational Institute on September 11, 2008. (Opposition, Dkt. No. 17, at 2.)

Assuming that AEDPA's one-year limitation period commenced on the date most advantageous to petitioner, July 21, 2006, when the Parole Board's 2006 decision became final (see n. 3 and related text, supra), 137 days lapsed before petitioner filed his first state court habeas petition on December 5, 2006. The limitation period was then statutorily tolled during the pendency of petitioner's state court filings, December 5, 2006 until June 11, 2008, when the California Supreme Court denied review. Petitioner then had 228 days remaining on the one-

---

[4] The decision of the California Supreme Court was final upon issuance. See Cal. Rules of Court, Rule 8.532(b)(2)(C).

year limitation period, or until January 26, 2009,[5] to file the instant petition.  However, petitioner filed this petition on June 15, 2009, more than 4 months thereafter.

        A similar timing problem attaches to petitioner's challenge of his 2007 parole denial.  The Parole Board's decision became final on May 23, 2007.  Petitioner filed his supplemental brief in superior court on July 9, 2007, 47 days later.  When the Supreme Court denied review on June 11, 2008, 318 days remained within which petitioner could file the instant petition, or by April 25, 2009.   Petitioner filed the instant petition on June 15, 2009, more than 7 weeks later.

        Petitioner initially asserts without explanation that he did not receive the June 11, 2008 order of the California Supreme Court until "July 2008;" petitioner implies that the delay was attributable to an institutional failure within the courts or prison system in timely processing or delivering the mail.  Dkt. No. 17, at 4.  The Ninth Circuit has held that "'a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'"  Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir. 2009), quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001).  To determine whether a petitioner is entitled to tolling under these circumstances, the district court must know the date that petitioner actually received the notice, whether petitioner acted diligently to obtain such notice, and whether the delay of notice contributed to the untimeliness of petitioner's filing.  Ramirez, 571 F.3d at 998 (citations omitted).

        Petitioner has not informed this court, either in his opposition to the instant motion or in his petition, of the date he received the California Supreme Court's denial of review ("in July 2008").  Nor does petitioner assert that he acted with diligence to obtain such notice. Significantly, this period, even assuming it extends through July 2008, overlaps with the period

---

[5] This calculated deadline was actually Sunday, January 25, 2007.  However, pursuant to former Fed. R. Civ. P. 6(a)(3), the relevant "period runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday."

that petitioner independently asserts should be equitably tolled because he was in administrative segregation without access to his legal papers or material. Petitioner provides the following chronology of his placements: administrative segregation at California Medical Facility from "April 2008" until September 11, 2008; transferred "while in Ad-Seg" to Deuel Vocational Institute "on October 2008;" released to "the Main-Line" "on November 2008;" "placed back in the hold" "on December 2008;" "placed on Out-To-Court Status" and transferred to California State Prison-Sacramento "on January 2009;" placed on the "MainLine at D.V.I." "on February and March 2009;"and "back on Out-To-Court Status" "on March 2009" and "on May 2009." (Opposition, Dkt. No. 17, at 2.) Petitioner filed the instant petition on June 15, 2009.

The Ninth Circuit has held "that a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez, supra, 571 F.3d at 998 (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir.2005) (internal alteration and quotations omitted)). The essential inquiry in determining whether a petitioner's lack of access to his legal file warrants equitable tolling is whether such lack of access made a timely filing impossible despite petitioner's diligent pursuit of his rights. Id.

Petitioner argues, without clarifying his reliance on the above dates, only that he "was in Administrative Segregation and was not allow[ed] his Legal Material," and "did not have his legal papers and material available to him in Administrative Segregation." (Opposition, Dkt. No. 17, at 5, 6.) Petitioner notes that he remained in administrative segregation when transferred to Deuel Vocational Institute, but does not explain when he gained access to his legal materials. Nor does petitioner assert that he acted with diligence in pursuing his federal petition, only that he was diligent in pursuing his state court remedies. (Id. at 6.) Petitioner also fails to assert that he sought to obtain his legal materials while in administrative segregation.

This court finds it significant that petitioner only generally references pertinent

6

dates and fails to assert that he acted with due diligence to seek and obtain his legal materials while in administrative segregation, particularly upon receiving a copy of the California Supreme Court's denial of review. Petitioner therefore fails to demonstrate extraordinary circumstances beyond his control that made it impossible for him to timely file the instant petition. Accordingly, this court finds that petitioner has failed to meet his burden of demonstrating entitlement to equitable tolling of AEDPA's one-year statute of limitations based upon either the delay in petitioner's receipt of the California Supreme Court's denial of review and/or his placement in administrative segregation without access to legal materials.

Nonetheless, in an abundance of caution, the court will accord petitioner the opportunity to file a supplemental opposition that (1) specifically identifies all relevant dates, including the date on which petitioner received notice of the California Supreme Court's denial of review, and the dates he was in administrative segregation without access to his legal papers or materials, and (2) sets forth specific facts demonstrating petitioner's due diligence throughout this period. See Ramirez, supra, 571 F.3d at 998 (remanding with instructions to the district court to make factual findings necessary to resolve petitioner's equitable tolling claims). Petitioner shall file and serve his supplemental opposition within 21 days of the filing date of this order. Respondent may file a reply within 14 days of the filing date of petitioner's supplemental opposition. Failure of petitioner to file a supplemental opposition shall result in a recommendation that respondent's motion to dismiss be granted.

SO ORDERED.

DATED: May 25, 2010

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will1691.mtd