1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN LANCE WILLIAMS,

11             Petitioner,                  No. 2:09-cv-01691 MCE KJN P

12        vs.

13   CLAUDE E. FINN,

14             Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16             Respondent moves to dismiss the petition for writ of habeas corpus filed by

17   petitioner, a state prisoner who proceeds without counsel in this action filed pursuant to 28

18   U.S.C. § 2254.[1]  On May 26, 2010, this court directed petitioner to file supplemental briefing,

19   which petitioner timely filed on June 3, 2010.  Respondent was given the opportunity to respond,

20   but did not file a reply.

21             Pursuant to his petition for writ of habeas corpus filed June 15, 2009,[2] petitioner

22

23        [1]  This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C.
     § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302, and was
24   reassigned to the undersigned on February 9, 2010.

25        [2]  Although the court docket indicates a filing date of June 18, 2009 (Dkt. No. 1), June 15,
     2009 is the date on which petitioner signed and delivered the instant petition to prison officials
26   for mailing (<u>id</u>. at 7).  Pursuant to the mailbox rule, that date is considered the filing date of the

1   challenges the 2006 and 2007 decisions of the California Board of Parole Hearings denying

2   petitioner parole.  Respondent filed a motion to dismiss on September 2, 2009, based on the

3   contention that the petition is barred by the one-year statute of limitations set forth in the

4   Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).  (Dkt. No.

5   16.)  For the following reasons, the court recommends that respondent's motion be denied.

6   LEGAL STANDARDS

7          AEDPA's one-year statute of limitations, set forth in 28 U.S.C. § 2244,[3] "applies

8   to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,'

9   even if the petition challenges an administrative decision rather than a state court judgment."

10  Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted); see also Redd v.

11  _____

12  petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

13         [3] 28 U.S.C. § 2244(d)(1) provides in full:

14         A 1-year period of limitation shall apply to an application for a writ
           of habeas corpus by a person in custody pursuant to the judgment
15         of a State court.  The limitation period shall run from the latest of –

16         (A) the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
17         review;

18         (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of
19         the United States is removed, if the applicant was prevented from
           filing by such State action;

20
           (C) the date on which the constitutional right asserted was initially
21         recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
22         applicable to cases on collateral review; or

23         (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due
24         diligence.

25  Section 2244(d)(2) provides that "the time during which a properly filed application for State
    post-conviction or other collateral review with respect to the pertinent judgment or claim is
26  pending shall not be counted toward" the limitations period.

1   McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA

2   statute of limitations applies to collateral attacks on parole board decisions).  When a habeas

3   petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the

4   one-year limitation period begins to run.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83.

5   Thus, the limitation period begins to run on "the date on which the factual predicate of the claim

6   or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C.

7   § 2244(d)(1)(D), or in this context, the date of the Board's final decision.  See Redd, 343 F.3d at

8   1084-85; Shelby, 391 F.3d at 1065-66.[4]

9           Generally, this limitation period is statutorily tolled from the filing date of the first

10  state habeas petition until the California Supreme Court rejects the final collateral challenge.

11  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see 28 U.S.C.§ 2244(d)(2) (period tolled

12  during the pendency of a "properly filed application for State post-conviction or other collateral

13  review with respect to the pertinent judgment or claim").

14          In addition, equitable tolling is available "when extraordinary circumstances

15  beyond a prisoner's control make it impossible" to timely file the federal petition.  Espinoza-

16  Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal quotation marks and

17  citations omitted).  "That determination is highly fact-dependent and [petitioner] bears the burden

18  of showing that equitable tolling is appropriate."  Id.  The Ninth Circuit has stated that, because

19  of Congress's desire to speed up the federal habeas process, this standard presents a "high

20  hurdle" for petitioners.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1289

21  (9th Cir. 1997) overruled in part on other grounds by Calderon v. United States District Court

22  ───────────────
23          [4] Both Redd and Shelby were decided before California eliminated administrative
    appeals for parole board decisions.  See, e.g., Jacobson v. Schwarzenegger, 357 F. Supp. 2d
    1198, 1208 (C.D. Cal. 2004); Lawson v. Woodford, 2005 WL 1489859, *3 (E.D. Cal. 2005);
24  Stratton v. Marshall, __ F. Supp. __, 2009 WL 1759694, *4 (E.D. Cal. 2009) (citing Cal. Admin.
    Code, tit. 15 § 2050).  Although there is not yet a Ninth Circuit case addressing the impact of this
25  change, if any, on Redd and Shelby, this court recently found that the appropriate trigger date
    remains the date on which the parole decision became administratively final.  See Tafoya v.
26  Subia, No. 2:07-cv-2389 GEB KJN P (Dkt. Nos. 24, 27).

1   (Kelly), 163 F.3d 530 (9th Cir. 1998).  "A petitioner must show that his untimeliness was caused

2   by an external impediment and not by his own lack of diligence."  Bryant v. Arizona Attorney

3   General, 499 F.3d 1056, 1061 (9th Cir. 2007), citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir.

4   2006); see also Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that in each

5   of the cases in which equitable tolling has been applied the requisite "extraordinary

6   circumstances" have been based on the "wrongful conduct" of another that "actually prevented

7   the prisoner from preparing or filing a timely habeas petition").

8   DISCUSSION

9           Respondent contends that the instant petition is necessarily untimely because

10  more than one year passed between the California Supreme Court's denial of review on June 11,

11  2008,[5] and the date petitioner filed the instant petition on June 15, 2009, and that there is no basis

12  for equitable tolling.  Thus, respondent does not frame his statute of limitations contention

13  commencing with the operative date of the Board's decision (the "factual predicate" described in

14  28 U.S.C. § 2244(d)(1)(D)), but argues that such analysis is unnecessary.

15          Petitioner responds that the limitation period should be equitably tolled for the

16  following reasons and periods:  (1) petitioner did not receive the June 11, 2008 order of the

17  California Supreme Court until "July 2008" (date not provided); (2) petitioner was housed in

18  administrative segregation from April 23, 2008 through September 11, 2008, and did not

19  received his legal materials until September 20, 2008; (3) petitioner was again placed in

20  administrative segregation on December 4, 2008, and although released to the regular population

21  on December 17, 2008, did not again receive his legal materials until January 2, 2009;

22  (4) petitioner was placed on "out to court" status without access to his legal materials from

23  February 5, 2009 until March 2, 2009, and again from March 17, 2009 until May 7, 2009.

24  (Petitioner's Supplemental Brief (hereafter "PSB"), at pp. 4-5, and attached exhibits.)

25

26          [5] The decision of the California Supreme Court was final upon issuance.  See Cal. Rules
    of Court, Rule 8.532(b)(2)(C).

4

1    The court's analysis herein is premised on the factual predicate of the Board's

2  parole decisions for which the following chronology is relevant:

3    1.  Petitioner is serving a prison sentence of 17-years-to-life based on a second-

4  degree homicide conviction and firearm enhancement.  (Petition, Dkt. No. 1, at 2, 9.)

5    2.  The Board of Parole Hearings denied petitioner parole on March 23, 2006,

6  indicating that the decision would be final on July 21, 2006.  (Dkt. No. 1, Exh. A.)  Petitioner

7  challenged the ruling by filing a petition for writ of habeas corpus in the Los Angeles Superior

8  Court on December 5, 2006.  (Id., Exh. M.)

9    3.  During the pendency of his writ in superior court, petitioner was again denied

10  parole on February 22, 2007 (id.), which became final ninety days thereafter, on May 23, 2007.

11  On July 9, 2007, petitioner filed a supplemental brief in superior court, thus challenging both

12  Parole Board decisions.  (Id.)

13    4.  The California Supreme Court denied review on June 11, 2008.  (Dkt. No. 1, at

14  4.)

15    5.  Petitioner filed the instant petition for writ of habeas corpus on June 15, 2009.

16    Calculating the commencement of AEDPA's one-year limitation period relative to

17  the Parole Board's 2006 decision on July 21, 2006, when the decision became final (see n. 4 and

18  related text, supra), 137 days lapsed before petitioner filed his first state court habeas petition on

19  December 5, 2006.  The limitation period was then statutorily tolled during the pendency of

20  petitioner's state court filings, December 5, 2006 until June 11, 2008, when the California

21  Supreme Court denied review.  Petitioner thereafter had, absent equitable tolling, 228 days

22  remaining on the one-year limitation period, or until January 26, 2009,[6] to file the instant

23  petition.  Petitioner filed this petition on June 15, 2009, more than 4 months thereafter.

24

25    [6]  This calculated deadline was actually Sunday, January 25, 2007.  However, pursuant to
former Fed. R. Civ. P. 6(a)(3), the relevant "period runs until the end of the next day that is not a
26  Saturday, Sunday, [or] legal holiday."

1       Similar timing attaches to petitioner's challenge of his 2007 parole denial.  The

2   Parole Board's decision became final on May 23, 2007.  Petitioner filed his supplemental brief in

3   superior court on July 9, 2007, 47 days later.  When the Supreme Court denied review on June

4   11, 2008, 318 days remained, absent equitable tolling, within which petitioner could file a federal

5   instant petition, or by April 25, 2009.   Petitioner filed the instant petition on June 15, 2009, more

6   than 7 weeks later.

7       Petitioner first contends that these periods should be equitably tolled because he

8   did not receive the June 11, 2008 order of the California Supreme Court until "July 2008."

9   As the court noted in its prior order, the Ninth Circuit has held that "'a prisoner's lack of

10  knowledge that the state courts have reached a final resolution of his case can provide grounds

11  for equitable tolling if the prisoner has acted diligently in the matter.'"  Ramirez v. Yates, 571

12  F.3d 993, 997-98 (9th Cir. 2009), quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th

13  Cir. 2001).  To determine whether a petitioner is entitled to tolling under these circumstances, the

14  district court must know the date that petitioner actually received the notice, whether petitioner

15  acted diligently to obtain such notice, and whether the delay of notice contributed to the

16  untimeliness of petitioner's filing.  Ramirez, 571 F.3d at 998 (citations omitted).

17      Petitioner remains unable to identify the date he received the denial of review.  He

18  states that he does not have access to the "legal mail log." (Dkt. No. 23, at 7.)  He previously

19  implied that the delay was attributable to an institutional failure within the courts or prison

20  system in timely processing or delivering the mail.  (Dkt. No. 17, at 4.)  However, these matters

21  are now subsumed by petitioner's unrebutted statement that he was placed in administrative

22  segregation from April 23, 2008 through September 11, 2008, and that did not receive his legal

23  materials until September 20, 2008.  (PSB at 4, Exh. C, D, E.)  This period comprised 150 days,

24  but only 101 days are relevant because they occurred after the June 11, 2008 denial of review by

25  the California Supreme Court.  Petitioner has also demonstrated that he was again placed in

26  administrative segregation for the period December 4 to December 17, 2008, but did not receive

1   his property until January 2, 2009, a period of 29 days.  (Id. at 4-5, Exh. G, H, I.)[7]  Finally,

2   petitioner states, substantially supported by the docket in this action, that his legal property

3   remained at Deuel Vocational Institute ("DVI") when he was placed on "Out-To-Court ['OTC']

4   Status" requiring a transfer to California State Prison-Sacramento ("CSP-S") from February 5,

5   2009 to March 2, 2009, and was returned to OTC status at CSP-S from March 17, 2009 to May

6   7, 2009 (a total period of 76 days).  (PSB, at 5.)

7           The Ninth Circuit has held "that a complete lack of access to a legal file may

8   constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas petitioner to

9   prepare and file a meaningful petition on his own within the limitations period without access to

10  his legal file.'"  Ramirez, supra, 571 F.3d at 998 (quoting Espinoza-Matthews v. California, 432

11  F.3d 1021, 1027-28 (9th Cir. 2005) (internal alteration and quotations omitted)).  The essential

12  inquiry in determining whether a petitioner's lack of access to his legal file warrants equitable

13  tolling is whether such lack of access made a timely filing impossible despite petitioner's diligent

14  pursuit of his rights.  Id.

15          Petitioner's exhibits demonstrate diligence in attempting to obtain his legal

16  materials during the last period of his placement in administrative segregation.  The January 5,

17  2009 letter from Chief Deputy Warden Rackley acknowledged petitioner's December 30, 2008

18  letter seeking the return of his personal property taken December 4, 2008, states that it had been

19  "necessary to retain control of your property for security reasons" during this period, and noted

20  that petitioner's property had been returned January 2, 2009.  (Dkt. No. 23, Exh. I.)  Respondent

21  does not challenge this or any other representation of petitioner relative to the periods he asserts

22

23          [7]  Petitioner previously provided the following chronology of his placements:
    administrative segregation at California Medical Facility from "April 2008" until September 11,
24  2008; transferred "while in Ad-Seg" to Deuel Vocational Institute "on October 2008;" released to
    "the Main-Line" "on November 2008;" "placed back in the hold" "on December 2008;" "placed
25  on Out-To-Court Status" and transferred to California State Prison-Sacramento "on January
    2009;" placed on the "MainLine at D.V.I." "on February and March 2009;"and  "back on Out-
26  To-Court Status" "on March 2009" and "on May 2009."  (Dkt. No. 17, at 2.)

1   he was without his legal materials.  Absent refutation of petitioner's representations, the court

2   assumes their accuracy.  The court therefore accepts petitioner's representations that he was

3   without his legal property, despite his due diligence in seeking to obtain it, for a total relevant

4   period of 206 days.[8]  Additionally, it is reasonable to infer that this lack of access rendered it

5   impossible for petitioner to timely file his federal habeas petition absent equitable tolling.

6          The court therefore finds that petitioner has met his burden of demonstrating

7   entitlement to equitable tolling of AEDPA's one-year statute of limitations based upon his

8   placements in administrative segregation and "out to court" status without access to his legal

9   materials.  It is appropriate to equitably toll, for a total period of 206 days, the filing deadlines for

10  petitioner's federal challenges to the Parole Board's 2006 and 2007 decisions, rendering the

11  effective deadlines, respectively, August 20, 2009 (January 26, 2009, plus 206 days), and

12  November 17, 2009 (April 25, 2009, plus 206 days).  Thus, petitioner's instant petition for a writ

13  of habeas corpus, challenging both decisions, was timely filed June 15, 2009.

14         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

15  dismiss (Dkt. No. 16) be denied.

16         These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21  objections shall be filed and served within 14 days after service of the objections.  The parties are

22

23        [8]  To summarize, this 206-day period is calculated as follows:  (a) 101 days from June 11,
    2008 to September 20, 2008 (denial of access to legal materials while petitioner was placed in
24  administrative segregation); (b) 29 days from December 4, 2008 to January 2, 2009 (denial of
    access to legal materials while petitioner was placed in administrative segregation and for several
25  days thereafter); and (c) 76 days from February 5, 2009 to March 2, 2009, and from March 17,
    2009 to May 7, 2009 (placement in OTC Status at other facilities without access to his legal
26  property which remained at DVI).

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  July 9, 2010

4

5

6

7                                                KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE

8   will1691.mt.fin

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26