IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LANCE WILLIAMS,

    Petitioner,                  2: 09 - cv - 1691 - MCE TJB

    vs.

CLAUDE E. FINN,

    Respondent.               FINDINGS AND RECOMMENDATIONS
_____/

Petitioner, Kevin Lance Williams, is a state prisoner proceeding, *pro se*, with petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving an indeterminate sentence of seventeen years to life in prison after a jury convicted him on one count of murder in the second degree.  Petitioner, who was convicted in 1979, has been eligible for parole for several years.  Pursuant to his petition, Petitioner challenges the 2006 and 2007 decisions of the California Board of Parole Hearings (hereinafter "the Board") denying Petitioner parole.

### I. ANALYSIS OF PETITIONER'S CLAIMS

Petitioner argues that the Board acted arbitrarily and capriciously in denying his parole in 2006 and 2007 and that the denial amounts to a denial of his due process rights.  The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life,

1

liberty, or property without due process of law. A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). The full panoply of rights afforded a defendant in a criminal proceeding is not constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987). The Supreme Court has held that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979).

The ability of a California state prisoner to bring a due process claim for a denial of parole has changed with the recent United States Supreme Court decision in *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam). Prior to *Swarthout*, the Ninth Circuit held that as a matter of state law, denial of parole to California inmates must be supported by at least "some evidence" demonstrating current dangerousness. *See Hayward v. Marshall*, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc). In its decision in *Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010) *rev'd by*, *Swarthout*, 131 S.Ct. 859, the Ninth Circuit had held that "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of the state."

As stated above, *Swarthout* reversed the Ninth Circuit in *Cooke*. The Supreme Court stated that with respect to parole:

> Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*,

> we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." *Ibid.*

*Swarthout*, 131 S.Ct. at 862. The Supreme Court continued by explaining that, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the petitioners] received, not whether the state court decided the case correctly." *Id.* at 863.

In this case, Petitioner was given an opportunity to be heard at his parole suitability hearings in 2006 and 2007. *See* Pet., Ex. J [Pet., p. 165] (Transcript of 2006 Board hearing); *id.*, Ex. B to Ex. M [Pet., p. 205] (Transcript of 2007 hearing attached to Petitioner's state habeas petition). He also was given a statement of reasons why parole was denied. As the Supreme Court stated in *Greenholtz* and reaffirmed in *Swarthout*, that is all that is required under the Federal Constitution. Therefore, Petitioner's due process argument does not merit federal habeas relief under these circumstances.

## II. CONCLUSION

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, Petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254

3

Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 18, 2011

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE